**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2176-24

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

DEWUANE JACKSON,
a/k/a DEWAYNE JACKSON,

    Defendant-Appellant.

_____

    Submitted June 4, 2026 – Decided July 21, 2026

    Before Judges Marczyk and Puglisi.

    On appeal from the Superior Court of New Jersey, Law Division, Somerset County, Indictment Nos. 20-12-0302 and 20-12-0303.

    Jennifer N. Sellitti, Public Defender, attorney for appellant (Abby P. Schwartz, Designated Counsel, on the brief).

    John P. McDonald, Somerset County Prosecutor, attorney for respondent (Catlin A. Davis, Assistant Prosecutor, of counsel and on the brief).

PER CURIAM

Defendant Dewuane Jackson appeals from the trial court's March 6, 2025 order denying his petition for post-conviction relief (PCR). We affirm.

I.

In December 2020, a Somerset County Grand Jury returned Indictment Nos. 20-12-0302 and 20-12-0303, charging defendant with thirty-three crimes arising from various weapons and controlled dangerous substance (CDS) offenses. Indictment No. 20-12-0302 charged defendant with: first-degree promoting organized street crime, N.J.S.A. 2C:33-30(a) and N.J.S.A. 2C:2-6(b)(3), (4) (count one); first-degree leader of a narcotics trafficking network, N.J.S.A. 2C:35-3 and N.J.S.A. 2C:2-6(b)(3), (4) (counts two and three); first-degree distribution of a CDS, N.J.S.A. 2C:35-5(a)(1) and -5(b)(1) (count four); second-degree conspiracy to distribute a CDS, N.J.S.A. 2C:5-2(a)(1), (2), N.J.S.A. 2C:35-5(a)(1), and -5(b)(1) (counts five and seven); second-degree distribution of a CDS, N.J.S.A. 2C:35-5(a)(1) and -5(b)(2) (counts six and twenty-one); third-degree distribution of a CDS, N.J.S.A. 2C:35-5(a)(1) and -5(b)(3) (counts eight through twenty and twenty-two); second-degree possession of a firearm during a CDS offense, N.J.S.A. 2C:35-3, N.J.S.A. 2C:35-5, and N.J.S.A. 2C:39-4.1(a) (counts twenty-three and twenty-seven); third-degree possession of a CDS, N.J.S.A. 2C:35-10(a)(1) (count twenty-four);

2

fourth-degree possession of a large capacity magazine, N.J.S.A. 2C:39-3(j) (count twenty-five); first-degree possession with intent to distribute a CDS, N.J.S.A. 2C:35-5(a)(1) and -5(b)(1) (counts twenty-six and thirty-one); third-degree possession with intent to distribute a CDS, N.J.S.A. 2C:35-5(a)(1) and -5(b)(3) (counts twenty-eight and thirty); and third-degree receiving stolen property, N.J.S.A. 2C:20-7(a) (count twenty-nine). In addition, Indictment No. 20-12-0303 charged defendant with second-degree certain persons not to have weapons, N.J.S.A. 2C:39-7(b) (counts one and two).

In February 2023, the following colloquy took place at the plea hearing:

> [COURT:] So, [defendant], it's [the court's] understanding that you're going to enter a guilty plea today, is that correct?
>
> [DEFENDANT:] Correct.
>
> [COURT:] And you understand that you're not required to enter a guilty plea?
>
> [DEFENDANT:] Correct.
>
> [COURT:] You understand you're entitled to have a trial in this matter?
>
> [DEFENDANT:] Yes.
>
> [COURT:] And at trial[,] the State would have the burden to prove its allegations against you beyond a reasonable doubt, correct?

3

[DEFENDANT:]  Correct.

[COURT:]  And you would have the right to come forward with any evidence or witnesses in your defense, do you understand that?

[DEFENDANT:]  Correct.

[COURT:]  And if [this court] accept[s] your guilty plea, then [there] would not be . . . a trial.

[DEFENDANT:]  Correct.

[COURT:]  And nobody is forcing you or threatening you or making you enter a plea, are they?

[DEFENDANT:]  No.

[COURT:]  You're doing that freely and voluntarily?

[DEFENDANT:]  Correct.

[COURT:]  And did you have enough time to speak to [your attorney] about all of your options?

[DEFENDANT:]  Yes.

[COURT:]  He answered your questions?

[DEFENDANT:]  Yes.

[COURT:]  And he gave you advice and guidance?

[DEFENDANT:]  Yes.

[COURT:]  And he's done a good job for you?

[DEFENDANT:]  Yes.

4

[COURT:] And you completed a plea form reflecting the plea, correct?

[DEFENDANT:] Correct.

. . . .

[COURT:] Okay. And you've signed the plea forms and initialed them?

[DEFENDANT:] Yes, I did.

. . . .

[COURT:] Do you have any questions that you want to ask before we go forward?

[DEFENDANT:] No. I think that'll be it.

On Indictment No. 20-12-0302, defendant pled guilty to counts four, five, six, seven, twenty-eight, and twenty-nine. As to Indictment No. 20-12-0303, defendant pled guilty to count two. In exchange, the State agreed to dismiss the remaining charges and recommend the court impose a sentence of ten years in prison, with a five-year period of parole ineligibility. In April 2023, the court imposed an aggregate ten-year prison term, with a five-year parole disqualifier, all mandatory fines, and dismissed all other charges consistent with the negotiated plea agreement.

5

Thereafter, defendant filed a PCR petition on his own behalf. He was subsequently appointed PCR counsel,[1] who later filed a supplemental brief in support of the petition, as well as a certification from defendant. Defendant claimed his trial counsel was constitutionally ineffective because he: represented several co-defendants in the same case, which resulted in him not taking the time necessary to meet with defendant to review discovery and prepare a defense; failed to move to compel the State to reveal the identity of its confidential informant; failed to move to compel the State's production of all discoverable materials; failed to meet and confer with defendant; failed to challenge the indictments; failed to assist defendant in filing a motion to withdraw his guilty plea; and failed to vigorously assert mitigating factors at the sentencing hearing. Defendant further asserted he was entitled to an evidentiary hearing for his ineffective assistance of counsel claims.

The court heard oral argument, and on March 6, 2025, it denied defendant's PCR petition. In its statement of reasons, the court explained:

> [Defendant]'s . . . sworn testimony [at his plea hearing] belies his claim[s]. . . . [D]efendant testified that he was pleading guilty freely and voluntarily; that

---

[1] In May 2023, defendant also filed a notice of appeal regarding his judgments of conviction. In July 2023, the PCR court dismissed his petition without prejudice due to his pending appeal. Defendant later requested we dismiss his appeal, which we granted, and he proceeded with his PCR application.

he had enough time to speak with [counsel] regarding all options; [and] that [counsel] had answered all of his questions. He testified that counsel had done a good job for him. That he was pleading guilty because he is guilty; that he had no questions for the court. [Defendant] testified that there was voluminous discovery in the case and that he had reviewed that discovery with [counsel]. [The plea hearing judge] released defendant from custody, pending sentenc[ing], remarking that she was convinced he would appear for sentencing because the plea deal was so favorable. When defendant was again asked if he had any questions, his response was, "I just want to say thank you." There is clearly no merit to [defendant]'s contention[s].

The court concluded: "[T]rial counsel's representation was reasonable and effective, even exceptional, securing for defendant a favorable plea agreement, despite the strength of the evidence and the severity of the offenses charged. Defendant's claims are bald assertions[,] unsupported and contradicted by the record, and his petition for [PCR] is denied."

The court further rejected defendant's argument his counsel was ineffective for failing to move to compel the informant's identity. It noted defendant did not "identify any basis on which [the] motion to reveal a confidential informant['s identity] would be granted." Moreover, it stated defendant did not demonstrate how "counsel's decision not to file such a motion resulted in prejudice to his defense."

7

The court similarly was unpersuaded by defendant's contention defense counsel failed to move to withdraw his guilty plea. It found he did not "present a colorable claim of innocence" and did not certify when he asked counsel to withdraw the plea. Furthermore, defendant did not articulate a basis why he should have been permitted to withdraw his plea.

As to defendant's request for an evidentiary hearing, the court stated: "[D]efendant has not made a prima facie claim for ineffective assistance of counsel. . . . He is [therefore] not entitled to an evidentiary hearing."

## II.

Defendant argues the following point on appeal:

> DEFENDANT WAS DENIED THE EFFECTIVE ASSISTANCE OF COUNSEL AS COUNSEL FAILED TO INVESTIGATE THE FACTS OF THE CASE, FAILED TO CONSULT WITH DEFENDANT, LEAVING DEFENDANT WITH NO CHOICE OTHER THAN TO ENTER A PLEA OF GUILTY.

Defendant claims his trial counsel failed to: meet and confer with him; review discovery with him; request all discovery from the State; move to compel the State to disclose the identity of their informant; and discuss with him the possible defenses available. Accordingly, defendant argues counsel failed to help him structure a defense to the charges against him, and as a result of this,

8

"it is impossible to call [defendant's] plea of guilty a 'voluntary and intelligent' plea."

Defendant also asserts he requested counsel to move to withdraw his guilty plea, but counsel "would not file th[e] motion." He concedes the PCR court found he never asked his lawyer to file the motion, made no mention to the court he desired to withdraw his guilty plea, and there was no objection on the record prior to sentencing as to defendant entering a guilty plea. However, defendant argues "all this means is that once in court and in front of a judge, [he] answered the questions as he had been instructed by his lawyer and as he feared he must." He asserts, "[a] layperson[] accused of a crime, standing in court in front of a judge, . . . does not feel as free as the court would give credit." Consequently, defendant contends he "had no choice except to enter a guilty plea," and therefore, the plea "cannot be seen as voluntary and knowing."

In addition, defendant insists the trial court only found his claims lacked merit because he answered all the questions about his lawyer "in such a way as to indicate that he was satisfied with [the attorney's] services and that counsel had done everything he had asked." He avers, "[j]ust because defendant answered the court's questions [about his trial counsel] correctly . . . does not mean that he was satisfied with his lawyer or that he felt . . . his lawyer had done

a complete job," but rather, "[i]t only means that in the face of the judge, [defendant] was doing what he was told to do by his lawyer."

Defendant further contends he is entitled to an evidentiary hearing, and "[b]ecause there was no . . . hearing, it is not known if and how many times counsel actually visited" him. He concludes without an evidentiary hearing, it is not possible to address his claims his lawyer never went over discovery with him or attempted to formulate a defense. Defendant insists the fact his attorney did not move to withdraw his guilty plea should be explored in an evidentiary hearing, as well as whether his guilty plea "was entered voluntarily[,] because, if not, it must be vacated."

A PCR court's conclusions of law are reviewed de novo. State v. Nash, 212 N.J. 518, 540-41 (2013). We must affirm the PCR court's factual findings unless they are not supported by "sufficient credible evidence in the record." Id. at 540. A court's decision to deny a PCR petition without an evidentiary hearing is reviewed under an abuse of discretion standard; however, we may review its factual inferences and legal conclusions drawn de novo. See State v. Brewster, 429 N.J. Super. 387, 401 (App. Div. 2013) (citing State v. Marshall, 148 N.J. 89, 157-58 (1997)); State v. Blake, 444 N.J. Super. 285, 294 (App. Div. 2016).

To establish a claim of ineffective assistance of counsel, a defendant must satisfy the two-prong <u>Strickland</u> test, showing: (1) "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment"; and (2) "the deficient performance prejudiced the defense." <u>Strickland v. Washington</u>, 466 U.S. 668, 687 (1984); <u>see also</u> <u>State v. Fritz</u>, 105 N.J. 42, 58 (1987) (adopting the <u>Strickland</u> two-prong test in New Jersey). A defendant must establish both prongs by a preponderance of the evidence. <u>See</u> <u>State v. Gaitan</u>, 209 N.J. 339, 350 (2012).

As to the first prong, the Constitution requires "reasonably effective assistance," meaning an attorney's performance may not be attacked unless they did not act "within the range of competence demanded of attorneys in criminal cases," and their performance instead fell below an objective standard of reasonableness. <u>Strickland</u>, 466 U.S. at 687-88 (quoting <u>McMann v. Richardson</u>, 397 U.S. 759, 770-71 (1970)). When assessing the first <u>Strickland</u> prong, "[j]udicial scrutiny of counsel's performance must be highly deferential," and "every effort [must] be made to eliminate the distorting effects of hindsight." <u>Id.</u> at 689. "Merely because a trial strategy fails does not mean that counsel was ineffective." <u>State v. Bey</u>, 161 N.J. 233, 251 (1999).

Thus, a reviewing court "must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance," and "the defendant must overcome the presumption that, under the circumstances, the challenged action [by counsel] 'might be considered sound trial strategy.'" Strickland, 466 U.S. at 689 (quoting Michel v. Louisiana, 350 U.S. 91, 101 (1955)). Further, the court must not focus on the defendant's dissatisfaction with "counsel's exercise of judgment during the trial . . . while ignoring the totality of counsel's performance in the context of the State's evidence of [the] defendant's guilt." State v. Castagna, 187 N.J. 293, 314 (2006) (internal citation omitted).

For the second prong of the Strickland test, "the defendant must show that the deficient performance prejudiced the defense" because "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland, 466 U.S. at 687, 694. This means "counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." Id. at 687. "[A] court need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies." Marshall, 148 N.J. at 261 (quoting Strickland, 466 U.S. at 697). "If it is easier to dispose of

12

an ineffectiveness claim on the ground of lack of sufficient prejudice, which we expect will often be so, that course should be followed." Strickland, 466 U.S. at 697.

To demonstrate "prejudice after having entered a guilty plea, a defendant must prove 'that there is a reasonable probability that, but for counsel's errors, [they] would not have pled guilty and would have insisted on going to trial.'" Gaitan, 209 N.J. at 351 (quoting State v. Nuñez-Valdéz, 200 N.J. 129, 139 (2009)). A defendant must show, "had [they] been properly advised, it would have been rational for [them] to decline the plea offer and insist on going to trial and, in fact, that [they] probably would have done so." State v. Maldon, 422 N.J. Super. 475, 486 (App. Div. 2011).

A defendant is not automatically entitled to an evidentiary hearing merely by filing for PCR. See State v. Porter, 216 N.J. 343, 355 (2013); State v. Cummings, 321 N.J. Super. 154, 170 (App. Div. 1999). Rule 3:22-10(b) provides a defendant is entitled to an evidentiary hearing on a PCR petition only if: (1) they establish "a prima facie case in support of [PCR]"; (2) "there are material issues of disputed fact that cannot be resolved by reference to the existing record"; and (3) "an evidentiary hearing is necessary to resolve the claims for relief." In order to establish a prima facie case, a "defendant must

demonstrate a reasonable likelihood that [their] claim, viewing the facts alleged in the light most favorable to the defendant, will ultimately succeed on the merits." R. 3:22-10(b); see also Marshall, 148 N.J. at 158. Thus, to obtain an evidentiary hearing on a PCR petition based upon claims of ineffective assistance of counsel, a defendant must make a showing of both deficient performance and actual prejudice. State v. Preciose, 129 N.J. 451, 463-64 (1992).

Rule 3:22-10(e) states:

A court shall not grant an evidentiary hearing:

(1) if an evidentiary hearing will not aid the court's analysis of the defendant's entitlement to [PCR];

(2) if the defendant's allegations are too vague, conclusory[,] or speculative; or

(3) for the purpose of permitting a defendant to investigate whether additional claims for relief exist for which defendant has not demonstrated a reasonable likelihood of success as required by R[ule] 3:22-10(b).

Thus, "in order to establish a prima facie claim, a petitioner must do more than make bald assertions that he was denied the effective assistance of counsel." Cummings, 321 N.J. Super. at 170. "[R]ather, the defendant 'must allege facts

14

sufficient to demonstrate counsel's alleged substandard performance.'" State v. Jones, 219 N.J. 298, 312 (2014) (quoting Porter, 216 N.J. at 355).

Guided by the above principles, we affirm substantially for the reasons set forth in the trial court's well-reasoned and comprehensive opinion. We add the following comments.

Defendant acknowledged he was entering his guilty plea voluntarily and had adequate time to confer with counsel regarding discovery and to discuss his options. He understood he could proceed with a trial, but he decided instead to plead guilty. Defendant failed to identify any specific discovery counsel failed to discuss with him. He also failed to demonstrate but for counsel's alleged errors, he would not have pled guilty and would have insisted on going to trial, and that it would have been rational for him to do so. Rather, defendant agreed counsel "answered [his] questions," "gave [him] advice and guidance," and "d[id] a good job for [him]."

As to the motions defendant alleges he requested counsel file, he is unable to demonstrate the motions would have been successful. PCR counsel's alleged "failure to raise unsuccessful legal arguments does not constitute ineffective assistance of counsel." State v. Worlock, 117 N.J. 596, 625 (1990); see also State v. Balbosa, 481 N.J. Super. 497, 520 (App. Div. 2025).

With respect to a motion to withdraw his guilty plea, defendant did not provide any reason for permitting a withdrawal. Following sentencing, a defendant seeking to withdraw a guilty plea must show the withdrawal will "correct a manifest injustice." R. 3:21-1. Under that standard, "the burden rests on [the] defendant . . . to present some plausible basis for [their] request, and . . . good faith in asserting a defense on the merits." State v. Smullen, 118 N.J. 408, 416 (1990) (quoting State v. Huntley, 129 N.J. Super. 13, 17 (App. Div. 1974)). In deciding whether to permit the withdrawal of a guilty plea after sentencing, the court must consider the four factors set forth in State v. Slater: "(1) whether the defendant has asserted a colorable claim of innocence; (2) the nature and strength of [the] defendant's reasons for withdrawal; (3) the existence of a plea bargain; and (4) whether withdrawal [will] result in unfair prejudice to the State or unfair advantage to the accused." 198 N.J. 145, 157-58 (2009). Defendant has not asserted a colorable claim of innocence or addressed the other Slater factors.

Regarding trial counsel's alleged failure to move for the State to disclose the identity of its confidential informant, as the PCR court explained, defendant is not automatically entitled to such disclosure, and he must demonstrate the materiality of the informer's identity or testimony. See State v. Milligan, 71 N.J.

373, 387-89 (1976). Otherwise, "courts generally deny disclosure where the informer plays only a marginal role, such as providing information or 'tips' to the police or participating in the preliminary stage of a criminal investigation." Id. at 387. Defendant identifies no basis on which a motion to reveal the State's confidential informant would be granted, and he does not specify how counsel's decision to not file such a motion prejudiced his defense.

For these reasons, defendant cannot satisfy either prong of the Strickland test. The PCR court appropriately rejected his ineffective assistance of counsel claims.

To the extent we have not addressed any other arguments defendant raised, we are satisfied they lack sufficient merit to warrant further discussion in a written opinion. R. 2:11-3(e)(2).

Affirmed.

I hereby certify that the foregoing is
a true copy of the original on file in
my office.

*M.C. Harley*

Clerk of the Appellate Division

17